IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RENEE PAMELA RUSH,**

    Plaintiff,

v.                                                                                                                   No. 13-cv-1070 SMV

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security Administration,**

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 16] ("Motion"), filed on June 17, 2014. The Commissioner responded on August 7, 2014. [Doc. 17]. Plaintiff replied on September 9, 2014. [Doc. 18]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 9]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") failed to apply the correct legal standards in evaluating Dr. Hall's opinion. Accordingly, the Motion will be granted, and the case will be remanded for further proceedings.

**Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. The Tenth Circuit, however, has held that in some situations, a court must consider evidence beyond that which was before the ALJ. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207−08 (10th Cir. 2006); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Pursuant to 20 C.F.R.

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the

---

§§ 404.970(b) and 416.1470(b), any new and material evidence that relates to the period on or before the date of the ALJ's decision shall be considered by the Appeals Council in determining whether to review the ALJ's decision. If the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision. *O'Dell*, 44 F.3d at 858 (citing 20 C.F.R. § 404.981). Because a court reviews the final decision based on "the record as a whole," it will consider the evidence that was before the ALJ as well as the new and material evidence that was before the Appeals Council. *Id.* (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). A court reviews the Commissioner's decision, which is the ALJ's decision and not the Appeals Council's denial of review. *See id.* Considering all of the evidence in the administrative record, a court decides whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Maes*, 522 F.3d at 1096. Accordingly, here, the Court reviews the ALJ's decision considering the entire record, including the evidence that the Appeals Council added to the record. *See* Tr. 4 (list of evidence added to the record by the Appeals Council), 208–10 and 485–87 (evidence itself).

substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity;" *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on June 1, 2009. Tr. 12. She alleged a disability-onset date of January 5, 2008. *Id.* Her claims were denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* ALJ Ann Farris held a hearing on October 4, 2012, in Albuquerque, New Mexico. Tr. 12, 50. Plaintiff appeared in person with her attorney, Michael Armstrong. Tr. 12, 27. The ALJ heard testimony from Plaintiff and an impartial vocational expert, Cornelius J. Ford. Tr. 12, 27−50.

The ALJ issued her unfavorable decision on October 31, 2012. Tr. 22. At step one, she found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 14. Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id.* There, she found that Plaintiff suffered from the following severe impairments: "Obstructive sleep apnea, Cavernous angioma with associated headaches, Attention deficit disorder, Major depressive disorder, and a Cognitive disorder, [not otherwise specified ("NOS").]" *Id.* At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 15–16.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 16–22. The ALJ found that:

> [Plaintiff] has the [RFC] to perform a full range of work at all exertional levels but with the following non-exertional limitations: she must avoid exposure to hazardous conditions; is able to make simple decision with few workplace changes; and should not be required to work at a production rate pace.

Tr. 16. At step four, the ALJ found that Plaintiff was able to return to her past relevant work as a sales associate. Tr. 22. Accordingly, the ALJ did not proceed to step five. *See id.* Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and she denied the claims. *Id.* The Appeals Council accepted and considered new evidence, Tr. 208–10, 485–87, but denied Plaintiff's request for review on August 29, 2013. Tr. 1–3. Plaintiff timely filed the instant action on November 1, 2013. [Doc. 1].

## Analysis

The ALJ failed to apply the correct legal standards in evaluating the opinion of treating psychiatrist, Dr. Hall. Therefore, the case will be remanded to correct the error. Proper evaluation of Dr. Hall's opinion may necessarily affect the weighing of the other medical source opinions—including those added to the record by the Appeals Council—and the RFC assessment. Consequently, the other errors alleged by Plaintiff may also be affected. Thus, the Court need not address Plaintiff's other alleged errors at this time.

### The ALJ failed to apply the correct legal standards in evaluating the opinion of treating psychiatrist, Dr. Hall.

Plaintiff argues that the ALJ erred in failing to apply the proper legal standards to the evaluation of the treating opinion by Dr. Hall. [Doc. 16] at 12–16. The Commissioner argues

that the ALJ's reasons for rejecting Dr. Hall's opinion were legally sufficient and supported by substantial evidence. [Doc. 17] at 8 (citing *Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009)). Plaintiff is correct, and remand is warranted.

Social Security regulations require that, in determining disability, the opinions of treating physicians be given controlling weight when those opinions are well-supported by the medical evidence and are consistent with the record. 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2). This is known as the "treating physician rule." *Langley*, 373 F.3d at 1119. The idea is that a treating physician provides a "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations," and therefore, a treating physician's opinion merits controlling weight. *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003).

Treating physician opinions—in order to receive controlling weight—must be both supported by medical evidence and consistent with the record. If not, the opinions may not merit controlling weight but still must be given deference and must be weighed using the following six factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

6

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); *see* 20 C.F.R. §§ 404.1527(c), 416.927(c).  However, not every factor is applicable in every case, nor should all six factors be seen as absolutely necessary.  What is absolutely necessary, though, is that the ALJ give good reasons—reasons that are "sufficiently specific to [be] clear to any subsequent reviewers"—for the weight that she ultimately assigns to the opinions.  *Langley*, 373 F.3d at 1119; *see* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004).

In sum, when properly rejecting a treating physician's opinion, an ALJ must follow two steps.  First, the ALJ must find that the opinion (a) is not supported by medical evidence and/or (b) is not consistent with the record.  Second, the ALJ must still give deference to the opinion and weigh it according to the factors listed above.  Like all findings, an ALJ's findings in these two steps must be supported by substantial evidence.

Here, the ALJ declined to adopt many of the restrictions found by Plaintiff's treating psychiatrist, Dr. Hall.  *Compare* Tr. 438–45 (Dr. Hall's reports), *with* Tr. 16 (RFC assessment).  She explained that "[c]ertain aspects of Dr. Hall's opinion are . . . consistent with the [RFC assessment].  In reviewing Dr. Hall's progress notes, [she found] that his opinion [was] quite conclusory, providing very little explanation of the evidence relied on in forming that opinion and render [sic] her [sic] opinion less persuasive."  Tr. 20.  The Court agrees with Plaintiff that this analysis is legally insufficient.  Even reading this finding as *implicitly* giving only some weight to Dr. Hall's opinion because his opinion was not supported by evidence, the ALJ still

failed to proceed with the second step of the analysis, which requires weighing the opinion according to (at least some) of the *Watkins* factors.

The Court is not persuaded by the Commissioner's citation to *Raymond*. Both steps of the treating physician analysis are very well established in the case law and in the regulations. *See, e.g., Watkins*, 350 F.3d at 1301; 20 C.F.R. §§ 404.1527(c), 416.927(c). *Raymond* does not expressly alter that landscape. *Raymond*, 621 F.3d 1272. *Raymond* simply does not discuss the *Watkins* factors one way or the other. *Id.* Accordingly, the Court is not persuaded that *Raymond* excuses the ALJ in this case from performing the entire treating physician analysis.

Additionally, the Court finds that the ALJ's reason for declining to give controlling weight to Dr. Hall's opinion is not sufficiently specific to be clear to the Court, as a subsequent reviewer. The ALJ found Dr. Hall's opinion to be "quite conclusory, providing very little explanation of the evidence relied on in forming that opinion." Tr. 20. The problem is that the ALJ's finding does not actually address the standard in determining whether to afford controlling weight to a treating physician's opinion. *See* 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2). The question is not whether *Dr. Hall* showed that his opinion was well supported. *See id.* The question is whether it *actually was* well-supported. *Id.* The ALJ in this case made no findings suggesting that Dr. Hall's opinion was not supported. *See* Tr. 18–21. Accordingly, remand is necessary for evaluation of Dr. Hall's opinion according to the proper legal standards.

## Conclusion

The ALJ failed to apply the correct legal standards in evaluating Dr. Hall's September 26, 2012 opinion. Therefore, the case will be remanded to correct the error. Proper evaluation of this opinion may necessarily affect the weighing of the other medical opinions—including the new opinions submitted to the Appeals Council, Tr. 485–87—and the RFC assessment. Consequently, the other errors alleged by Plaintiff may also be affected. Thus, the Court need not address Plaintiff's other alleged errors at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 16] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**